UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARTHANNE M. LUBBEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case number 1:10cv0027 TCM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying Marthanne Lubben ("Plaintiff") benefits under the Social Security Act ("the Act")[1] is before the Court[2] on the Commissioner's unopposed motion to remand the case to the Appeals Council for further proceedings pursuant to sentence six of § 405(g). The Commissioner explains in his motion that "significant portions of the recording of the [administrative hearing] . . . [are] blank." (Mtn. at 1.) On remand, the case will be returned to an Administrative Law Judge for a new hearing.

---

[1] Neither party identifies whether the benefits sought are for disability insurance benefits under Title II of the Act, 42 U.S.C. § 401-433; supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381-1383b; or both.

[2] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

"The 'exclusive methods' for district courts to remand to the Commissioner are in sentences four and six of 42 U.S.C. § 405(g)." **Travis v. Astrue**, 477 F.3d 1037, 1039 (8th Cir. 2007). "Under sentence six,[3] 'the district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination.'" **Id.** at 1039-40 (quoting Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991)) (footnote added). "Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." **Shalala v. Schaefer**, 509 U.S. 292, 297 n.2 (1993); accord **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000). The pending motion was filed by the Commissioner before he filed his answer. Clearly, Plaintiff's case must be remanded to the Commissioner and the

---

[3]Sentence six reads:

The [district] court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

remand must be pursuant to sentence six. See **Bishop v. Astrue**, 2008 WL 748325 (E.D. Mo. 2008) (sentence six remand based on missing recording of hearing).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's motion to remand is **GRANTED**. [Doc. 10]

A separate Order of Remand shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of May, 2010.